**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**MIDLAND-ODESSA DIVISION**

| | | |
|---|---|---|
| DONNY ACOSTA, PRIMO TARIN, And MARIO RAMOS, Plaintiffs, | § | |
| V. | § | CIVIL ACTION NO. 7:19-cv-0084 |
| TEGRAEXCEL ENERGY SERVICES, LLC, Defendant. | § | JURY DEMANDED |

**PLAINTIFFS' ORIGINAL COMPLAINT**

This is an action arising under the Fair Labor Standards Act of 1938 (FLSA), 29 U.S.C. §201 *et seq.* ("FLSA"). This action is brought to recover overtime compensation, liquidated damages, costs, and attorney's fees owed to Plaintiffs Donny Acosta, Primo Tarin and Mario Ramos ("Plaintiffs"), by Defendant TegraExcel Energy Services, LLC.

**Parties**

1. Plaintiffs Donny Acosta ("Acosta"), Primo Tarin ("Tarin") and Mario Ramos ("Ramos"), former and current employees of Defendant, were personally engaged in interstate commerce during their employment with the Defendant, and are represented by the undersigned.

2. Defendant Tegraexcel Energy Services, LLC ("TES") is a Texas limited liability company and an "employer" as defined by the FLSA. With respect to Plaintiffs, TES is subject to the provisions of the FLSA. TES was at all relevant times an enterprise engaged in commerce or in the production of goods for commerce, as defined by 29 U.S.C. §§ 203(r) and (s), and had gross annual revenues in excess of $500,000.00. TES may be served through its registered

agent, Benjamin H. Kail at 2820 McKinnon St. #2029, Dallas, TX 75201, or wherever he may be found.

## Jurisdiction and Venue

3. This Court has federal question jurisdiction under the FLSA.

4. Venue is appropriate in this judicial district, as Defendant and Plaintiffs transacted business here, where the material events underlying the present Complaint occurred.

## Factual Allegations

5. During each of the three years prior to this complaint being filed, Defendant was an enterprise engaged in interstate commerce, operating on interstate highways, purchasing materials through commerce, transporting materials through commerce and on the interstate highways, conducting transactions through commerce, including the use of credit cards, telephones, electronic mail, and the Internet.

6. During each of the three years prior to this complaint being filed, Defendant regularly owned and operated a business engaged in commerce or in the production of goods for commerce as defined by §3(r) and 3(s) of the FLSA, 29 U.S.C. §§203(r) and 203(s).

7. At all times pertinent to this Complaint, Plaintiffs were individually engaged in commerce and their work was essential to Defendant's business.

8. During each of the three years prior to this complaint being filed, Defendant conducted sufficient business to exceed an annual gross volume of sales of at least $500,000.00 (exclusive of excise taxes) based upon the volume of business.

9. During each of the three years prior to this complaint being filed, Defendant's employees used goods, tools, equipment or materials that traveled in interstate commerce; that is, goods, tools, equipment or materials that were made or manufactured outside the state of Texas.

10. Plaintiff Donny Acosta worked for Defendant as a dispatcher from December 7, 2016 until May 15, 2018. Acosta's duties included, but were not limited to, dispatching trucks, giving drivers orders on where to pick up and load specialized fracking sand, and giving drivers directions as to the locations where the sand needed to be picked up and delivered.

11. Plaintiff Primo Tarin worked for Defendant as a dispatch manager from June of 2016 until June of 2018. Tarin's duties included, but were not limited to, training new employees and training drivers.

12. Plaintiff Mario Ramos worked for Defendant as a fleet supervisor from February of 2017 until June of 2017 and then again from September of 2017 until current. Ramos's duties included, but were not limited to, supervising truck drivers, giving drivers information on where to pick up and drop off loads, helping drivers with paperwork and making sure drivers were following company rules and procedures.

13. At all times relevant hereto, the Defendant knew of, approved of, and benefited from Plaintiffs' regular and overtime work. Plaintiffs were not "exempt" employees.

14. Defendant did not make a good faith effort to comply with the overtime provisions contained within the FLSA.

15. Defendant's actions were willful and in blatant disregard for Plaintiffs' federally protected rights.

### Plaintiffs' Individual Allegations

16. As non-exempt employees, Plaintiffs were entitled to be paid their regular wages and to be paid an overtime premium for all work performed during the hours worked over forty (40) hours in each workweek. Defendant failed to pay the Plaintiffs the required overtime premium in nearly every workweek that the Plaintiffs were employed by Defendant, as the Plaintiffs worked in excess of 40 hours in almost every week they worked for the Defendant.

Plaintiffs were paid on a salary basis, but were not paid premium pay for hours worked over 40.

17. No exemption excuses the Defendant from paying Plaintiffs for all time spent and work performed during the hours they worked, and the Defendant has not made a good faith effort to comply with the FLSA. As such, the Defendant knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice regarding overtime compensation with respect to Plaintiffs. Such practice was and is a clear violation of the FLSA.

## CAUSE OF ACTION

### Violation of the FLSA – Failure to Pay Wages Owed

18. Based on the foregoing, Defendant violated the FLSA by failing to properly compensate Plaintiffs for work performed in the employ of the Defendant.

19. Plaintiffs have suffered damages as a direct result of Defendant's illegal actions.

20. Defendant is liable to Plaintiffs for unpaid overtime compensation, liquidated damages, attorney's fees and costs of Court under the FLSA, for the three-year period preceding the filing of this lawsuit.

### Demand for Jury

21. Plaintiffs demand a trial by jury.

### Prayer for Relief

WHEREFORE, Plaintiff demands:

1. Judgment against Defendant for an amount equal to Plaintiffs' unpaid overtime wages at the applicable rate;
2. An equal amount to the overtime wage damages as liquidated damages;
3. Judgment against Defendant that its violations of the FLSA were willful;
4. To the extent that liquidated damages are not awarded, an award of prejudgment interest;
5. All costs and attorney's fees incurred prosecuting these claims;
6. Leave to amend to add claims under applicable state laws; and
7. For such further relief as the Court deems just and equitable.

        Respectfully Submitted,

        **THE BUENKER LAW FIRM**

        */s/ Josef F. Buenker*
        Josef F. Buenker
        Texas Bar No. 03316860
        jbuenker@buenkerlaw.com
        2060 North Loop West, Suite 215
        Houston, Texas 77018
        713-868-3388 Telephone
        713-683-9940 Facsimile

        **ATTORNEY-IN-CHARGE FOR PLAINTIFFS**

**OF COUNSEL:**
Vijay Pattisapu
Texas Bar No. 24083633
vijay@buenkerlaw.com
**THE BUENKER LAW FIRM**
2060 North Loop West, Suite 215
Houston, Texas 77018
713-868-3388 Telephone
713-683-9940 Facsimile

**ATTORNEY FOR PLAINTIFFS**